B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Southern District of New York | | Voluntary Petition |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**2300 XTRA WHOLESALERS, INC.** | | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **13-3758306** | | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2300 Randall Avenue**<br>**Bronx, NY**<br>ZIPCODE **10473** | | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Bronx** | | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☑ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other<br>___<br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13<br>___<br>**Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | $100,000,001 to<br>$500 million | $500,000,001 to<br>$1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | $100,000,001 to<br>$500 million | $500,000,001 to<br>$1 billion | More than<br>$1 billion |

| Voluntary Petition <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **2300 XTRA WHOLESALERS, INC.** |
|---|---|

### Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

X _____
   Signature of Attorney for Debtor(s)     Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord or lessor that obtained judgment)

_____
(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**2300 XTRA WHOLESALERS, INC.** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.
(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X */s/ Neal M. Rosenbloom*
Signature of Attorney for Debtor(s)

Neal M. Rosenbloom NMR-5465
Goldberg, Weprin, Finkel,
Goldstein, L.L.P.
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700 Fax: (212) 730-4518
nrosenbloom@gwfglaw.com

April 29, 2010
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Pedro Bello*
Signature of Authorized Individual

**Pedro Bello**
Printed Name of Authorized Individual

**Comptroller**
Title of Authorized Individual

**April 29, 2010**
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                    Case No.

2300 XTRA WHOLESALERS, INC.                               Chapter 11

                        Debtor.
---------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULES

STATE OF NEW YORK  )
                   : SS:
COUNTY OF NEW YORK)

PEDRO BELLO, being duly sworn, deposes and says:

1. I am the Comptroller of 2300 Xtra Wholesalers, Inc. (the "Debtor") and submit this Affidavit in accordance with Local Bankruptcy Rules in support of the voluntary petition filed by the Debtor under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is the Tenant under a certain thirty (30) year business lease dated April _____, 1992 which enables it to operate a 35,000 square foot supermarket and warehouse facility at 2300 Randall Avenue, Bronx, New York (the "Property"). The Debtor also owns a mortgage upon property located at 700 Havemeyer Avenue, Bronx, New York 10473 where the unpaid principal balance is approximately $1,700,000.00. The Debtor is entitled to receive payments of $15,379.00 each month under the mortgage.

3. There are no pending bankruptcy cases against the Debtor and this petition is filed as voluntary Chapter 11 case.

1

4. Pursuant to Bankruptcy Rule 1007(d), a list containing the names and addresses of the creditors holding non-disputed claims against the Debtor is attached thereto. The Debtor has less than twenty (20) unsecured creditors. Also, in accordance with Local Bankruptcy Rules, a list containing the name and address of the Debtor's equity holder is likewise attached hereto.

5. The Debtor's financial circumstances were caused by the following events: In April of 1992, the Debtor entered into a long-term lease agreement with Condal Distributors Inc. and Condal Imports Inc. (hereinafter "Condal") for a portion of the building at 2300 Randall Avenue, Bronx, New York consisting of approximately 35,000 square feet. The Debtor is allowed to operate the Premises as a supermarket and for warehousing of dry food products. The Lease has a term of thirty (30) years. For sixteen (16) years, the Debtor operated its business without any objection by the Landlord. All of this changed in February, 2008 when the Debtor and an affiliated entity Randall Meat Market, Inc. decided that they sought to sell their businesses to an entity known as OJ Resources Inc. (hereafter "OJ") pursuant to a written contract of sale providing for a payment price of FOUR MILLION FIVE HUNDRED THOUSAND ($4,500,000.00) DOLLARS plus inventory. In accordance with the provisions of the Lease, the Debtor requested Condal's consent for the sale which consent was refused. Thereafter, an action was brought in the Supreme Court, Bronx County seeking declaratory relief authorizing the sale.

6. While steps were being taken to attempt to obtain the Landlord's consent to the sale, OJ requested that it be allowed to operate the business under the terms of a

2

management agreement. A formal management agreement was signed between the parties on March 14, 2008 (the "Management Agreement") and OJ began operating the business at that time under the auspices of a management agreement.

7. Within a short period of time OJ defaulted under the provisions of the Management Agreement which, *inter alia*, required that OJ be responsible for all operating expenses of the business including rent, taxes and creditors' claims in addition to making EIGHT THOUSAND ($8,000.00) DOLLAR per week payments to the Debtor until the sale closed.

8. As these events were unfolding, the Landlord sent a notice to cure to the Debtor outlining a number of alleged deficiencies in the Lease. In response to the notice to cure, the Debtor commenced a so-called Yellowstone Injunction action in the Supreme Court, Bronx County. Within the context of the Yellowstone action a stipulation of settlement was entered into between the Landlord and the Tenant.

9. The Landlord was cognizant of the fact that the Debtor had placed OJ in default of the Management Agreement and was in the process of taking steps to evict OJ and to regain possession of the property. The Debtor was not in possession of the property at the time the Landlord gave notices of default and a notice of lease termination. Thereafter, unbeknownst to the Debtor, the Landlord brought a holdover eviction proceeding and obtained a default judgment against the Debtor. The Debtor then obtained an Order to Show Cause which vacated the default judgment.

10. At the same time, the Debtor finalized its actions to have the Marshal execute upon a warrant of eviction against OJ which fought to forestall its eviction. The eviction

process was concluded after over one year and a half's litigation on April 22, 2010. OJ left the Debtor and Randall Meat Market, Inc. with hundreds of thousands of dollars of unpaid creditors' claims. The March 14, 2008 Management Agreement specifically authorizes that a $250,000.00 downpayment given in connection with the supermarket sale contract can be used to satisfy OJ's unpaid obligations incurred during the term of the Management Agreement.

11. In the meantime, the Decision and Order which vacated the default judgment against the Debtor provided that the matter be brought for trial on April 26, 2010 in the Civil Court, Bronx County. Despite the Debtor's request that the matter be adjourned based upon possession of the Premises being return to the Debtor only four (4) days before and the Debtor's willingness to make payments to the Landlord, a trial was held on April 26, 2010 at which time the Court authorized that possession be given back to the Landlord. The Landlord has not obtained the warrant of eviction or taken the steps which are required by law to finalize the eviction process.

12. This Chapter 11 case is being filed on an emergency basis so that the Debtor can preserve its interest in the Lease.

13. The Debtor shall, in the near future, file a Chapter 11 case for an affiliated Debtor, Randall Meat Market, Inc. which operated the supermarket at 2300 Randall Avenue, Bronx, New York and the cases will be administered jointly.

14. The Debtor is aware that its leasehold and the supermarket business are extremely valuable and, it intends to file a reorganization plan predicated upon preserving the value of the Lease and selling the supermarket business to a third party subject to the

4

approval of this Court in accordance with the provisions of §363 and §365 of the Bankruptcy Code. The Debtor is convinced that the Landlord's interests and actions being taken are predicated upon the Landlord's own agenda to obtain possession of the property back and to in fact the sell the business to a third party thereby extinguishing the Debtor's interest in its leasehold and the claims of the Debtor's creditors and creditors of Randall Meat Market, Inc.

15. The Debtor has no employees and relies upon an on-site superintendent to help manage the Property. The Debtor's principals do not receive a salary.

_____
PEDRO BELLO

Sworn to before me this
29th day of April, 2010

_____
Notary Public

NEAL M. ROSENBLOOM
Notary Public, State of New York
No. 31-4644520
Qualified in New York County
Commission Expires 11/1/13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Case No.

2300 XTRA WHOLESALERS, INC.                         Chapter 11

                        Debtor.
-----------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the directors of 2300 Xtra Wholesalers, Inc. (the "Corporation") held on April 28, 2010, and upon due consent and after motion duly made, seconded and unanimously carried, it is hereby:

> **RESOLVED**, that the Corporation is authorized and empowered to cause the filing of a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court in the Southern District of New York, and that the same is in the best interests of the Corporation and its creditors and equity holders; and it is further
>
> **RESOLVED**, that the Corporation is authorized to retain the firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as counsel to represent the Corporation in connection with the purposes of proceeding with prosecution of the Chapter 11 case.

Dated: April 29, 2010

                            2300 XTRA WHOLESALERS, INC.

                            By: _____
                                Name: Pedro Bello
                                Title: Comptroller

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                              Chapter 11

2300 XTRA WHOLESALERS, INC.                         Case No.:


                         Debtor.
-----------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, 2300 Xtra Wholesalers, Inc. (the "Debtor"), certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Executed on April 29, 2010

                                                  2300 XTRA WHOLESALERS, INC.

                                                  By: _____
                                                      Name: Pedro Bello
                                                        Title: Comptroller

UNITED STATES BANKRUPTCY COURT
SOSUTHERN DISTRICT OF NEW YORK

In re:                                          Chapter 11

2300 XTRA WHOLESALERS, INC.                     Case No.:

Debtor.

## LIST OF EQUITY HOLDERS

Rene Caraballo                                  100%

Executed on April 29, 2010

                                    2300 XTRA WHOLESALERS, INC.

                                    By: _____
                                        Name: Pedro Bello
                                        Title: Comptroller

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

| IN RE: | Case No. _____ |
|---|---|
| 2300 XTRA WHOLESALERS, INC. | Chapter 11 |
| Debtor(s) | |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Condal Distributors & Condal Inports, Inc<br>531 Dupont Street<br>Bronx, NY 10474 | | | Unliquidated<br>Disputed | 230,000.00 |
| Goldberg Weprin Finkel Goldstein LLP<br>1501 Broadway, 22nd Fl.<br>New York, NY 10036 | | | | 50,000.00 |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: April 29, 2010        Signature: *[signature]*

Pedro Bello, Comptroller
(Print Name and Title)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Court
Southern District of New York

IN RE:                                                          Case No. _____

2300 XTRA WHOLESALERS, INC.                                     Chapter 11
_____
         Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.

Date: April 29, 2010           Signature: *Pedro Bello* _____
                                          Pedro Bello, Comptroller
                                                                                Debtor

Date: _____          Signature: _____
                                                                          Joint Debtor, if any

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Condal Distributors & Condal Inports,Inc
531 Dupont Street
Bronx, NY   10474


Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Fl.
New York, NY   10036


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA   19114


Joseph Altman, P.C.
951 Bruckner Blvd.
Bronx, NY   10459


Joseph Altman, P.C.
1009 East 163rd St.
Bronx, NY   10459


NYC Dept. of Finance
Attn: Legal Affairs
345 Adams St. - 3rd Floor
Brooklyn, NY   11201


NYS Dept. of Taxation & Finance
Bankruptcy/Special Procedures
P.O. Box 5300
Albany, NY   12205-0300


NYS Unemployment Insurance Fund
P.O. Box 551
Albany, NY   12201

United States Bankruptcy Court
Southern District of New York

IN RE:                                                                 Case No. _____

2300 XTRA WHOLESALERS, INC.                     Chapter **11**
                 Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ......................................... $ **15,000.00**

    Prior to the filing of this statement I have received ................................. $ **—0—**

    Balance Due ......................................................................... $ **15,000.00**

2. The source of the compensation paid to me was: ☐ Debtor ☑ Other (specify):

3. The source of compensation to be paid to me is: ☐ Debtor ☑ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e. [Other provisions as needed]
    **Retainer fee set forth above is to be paid by a third party.**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

April 29, 2010                         /s/ Neal M. Rosenbloom
Date

Neal M. Rosenbloom NMR-5465
Goldberg, Weprin, Finkel, Goldstein, L.L.P.
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700 Fax: (212) 730-4518
nrosenbloom@gwfglaw.com