1.

1

2    HOUSING COURT OF THE CITY OF NEW YORK
     COUNTY OF BRONX                PART 52
3

4    ------------------------------------------

     CONDAL DISTRIBUTORS, INC.,
5

6                        Petitioner(s),

7         -against-                                    Index No.

     2300 XTRA WHOLESALERS, INC.,                      901548/09
8

9                        Respondent(s).

10   ------------------------------------------

11                                      April 26, 2010
                                        851 Grand Concourse
12                                      Bronx, New York  10451

13   B E F O R E:    HON. ARTHUR ENGORON
                     Judge, Civil Court
14

15   A P P E A R A N C E S:

16        JOSEPH ALTMAN
               Attorney for Petitioner
17
          NEAL ROSENBLUM
18             Attorney for Respondent

19

20

21                                      Karen Stell
22                                      Court Reporter

23

24

25

26

2

1    Decision

2        THE COURT:  I hereby grant judgment of

3    possession to the landlord and $238,229 through

4    November 8, 2010.  I believe that the respondent made

5    some errors here, and I don't refer to counsel sitting

6    in front of me because he only recently got involved in

7    this case, but first of all, and sometimes my first

8    impressions are correct and sometimes incorrect.

9        I think the first thing I said with OJ was

10   wait a minute, the lease made it difficult, too, but

11   easier to do something else, but you said that the

12   tenant asked the landlord for permission to do this,

13   put OJ in, and said that the landlord refused.  There

14   was never any follow-up.  I think it's terribly

15   prejudicial for the tenant's position.  By the time we

16   were here, it was just a management agreement.

17       So basically most of the expenses or the

18   defenses, or most of the things that should have done

19   pursuant to the stipulation that weren't done, well, we

20   couldn't, well, it was a management agreement.  They

21   are an agent of the tenant.  So it would have been

22   done.  It's a theory, but I think the law -- and

23   another problem with what happened, as I heard a

24   different context, they found the wrong manager.

25       You picked OJ, who doesn't seem to be

26   particularly responsible; and finally, I often say

3

1       Decision

2       judges, often say lawyers, certain agreements can buy

3       you a lawsuit.

4               Well, this stipulation, the one on February

5       24th '09, it just gave the landlord so many grounds to

6       evict the tenant because the tenant had to do so many

7       things, and all along my impression was he basically

8       did none of them.

9               It seems that what would be equitable, and he

10      is right about equitable powers, it doesn't seem the

11      tenant was -- they did the best they could.  I am

12      somewhat reluctant to go over all these items and in

13      some ways I guess I don't have to because this is a

14      somewhat he-said-she-said case and the finder of fact

15      believes that Mr. Medina's testimony on behalf of the

16      landlord was clear, credible, efficient and correct.

17              In fact, when something was fixed, it was

18      fixed, and on the other side seemed a little bit

19      tailored to the facts as to great debate about whether

20      one form was given.  I think the landlord got the

21      better of that.

22              And after all these items that respondent was

23      obligated to do, there's the provision in the

24      stipulation that basically says if the respondent

25      believes that the petition is preventing him, then it

26      wasn't up to him.

4

1    Decision

2         So I think to a certain extent petitioner

3    made a good point about $175,000 payment that OJ

4    brought in, and I note that -- unless I am missing

5    something -- once again I don't get to see these things

6    in advance -- the stipulation says in order to bring a

7    document into compliance, the plaintiff agrees, I don't

8    see any exceptions, I am not a gotcha judge, and I

9    believe in good faith and fair dealing, but most of

10   this stuff says what it is on it.

11        Petitioner's engineer report. I don't

12   believe all the sidewalk panels were repaired. It was

13   a good point that to clear a lot in the Bronx may be an

14   unending chore.

15        I don't think there's repairs on the roof. I

16   am not sure about the splinters and stalls. I don't

17   think the tenant retained a structural engineer, and

18   the photographs and testimony seems to make clear that

19   not all the wiring was exposed, in fact, any of the

20   wires exposed.

21        By the way, doesn't say electrical wires,

22   just says wires. Even if we say they mean electrical

23   wires, I don't think it was done, and again, I think

24   what should have been done, because this was a

25   management contract, because there's no exception, I

26   don't think that respondent should say OJ at all, and

1              Decision

2        the argument to go back to Judge Billings at one time,

3        that would have been the correct way to do this.

4              THE COURT:  That's my reasons and that's my

5        decision.

6                        *********

7   This is to certify that the foregoing is a true and accurate

8   transcript of the stenographic minutes taken within.

9

10  Karen Stell

11  Karen Stell
    Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26