UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

2300 XTRA WHOLESALERS, INC., et al.

                             Debtors.
----------------------------------------------------------x

Hearing Date July 21, 2010
at 10:00 a.m.

Case No. 10-12280 (ALG)
and Case No. 10-12915 (ALG)

Jointly Administered

## SUPPLEMENTAL STATEMENT BY DEBTORS IN OPPOSITION TO MOTION BY LANDLORD TO INTER ALIA, VACATE STAY

**TO THE HONORABLE ALLAN L. GROPPER, BANKRUPTCY JUDGE**

The Debtors submit this supplemental statement in opposition to the amended motion brought by Condal Distributors LLC and Condal Imports Inc. ("Condal") or the ("Landlord") seeking an order vacating the automatic stay under Section 62 of the Bankruptcy Code.

This supplemental statement is submitted in accordance with authorization given to the parties by the Court at the hearing held on June 30, 2010.

1.     In its statement, the Landlord relies upon *Local Union No. 38, Sheet Metal Workers' International Association, AFL-CIO v. Custom Air Systems, Inc.*, 333 F.3d 345 (2d. Cir. 2003), which is easily distinguishable from the case at bar. In that case, the 60 day period under Section 108 of the Bankruptcy Code was applicable because the time to appeal was pending when the Chapter 11 case was filed. In the case at bar, the Landlord obtained its judgment on April 26, 2010. This Chapter 11 case was filed on April 29, 2010. Upon the commencement of the Chapter 11 case, the automatic

stay under Section 362(a) of the Bankruptcy Code was invoked, thereby staying, all entities from the continuation of any proceeding pending against the Debtor. See Section 362(a) of the Bankruptcy Code.

2. Immediately after the filing of the Chapter 11 case, the Landlord's attorney was notified, in writing, of the commencement of the Chapter 11 case and of the import of Section 362 of the Bankruptcy Code. For the Court's ready reference, collectively annexed hereto as Exhibit "A" is copies of correspondence to Landlord's counsel dated April 29, 2010 and correspondence from the Landlord dated May 1, 2010.

3. On May 1, 2010, the Landlord unilaterally decided that the automatic stay did not apply to it and served notice of entry of its judgment upon counsel for the Debtor. A copy of the notice of entry is annexed as part of Exhibit A to the Landlord's motion.

4. CPLR 5513(a) provides as follows:

> "(a) **Time to take appeal as of right**. An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof."

5. The inescapable conclusion is that the Landlord had actual knowledge of the Chapter 11 case, but chose to ignore the automatic stay imposed under Section 362 of the Bankruptcy Code in order to serve notice of entry. Clearly, the Debtor's time to appeal or take other actions in the Landlord and Tenant proceeding has not terminated. Moreover, the civil case has been removed to the United States District

2

Court for the Southern District of New York (Case No. 10 Civ. 5021) and should be automatically referred to this Court in accordance with the ordinary practices of the District Court.

6. In its supplemental submission, the Landlord alleges that estimated cost for curing defaults are in excess of $1,300,000.00. While the Debtor questions this statement, the Debtor has received a letter of intent from an extremely responsible purchaser, Bogopa Service Corp. to acquire the Debtor's assets for the sum of $2,500,000.00 cash. A copy of the letter of intent is annexed hereto as Exhibit "B".

7. Upon knowledge, information and belief, Bogopa (through affiliated corporations) operates approximately ten large, very successful supermarkets in the New York City metropolitan area and has established credit facilities both with its bank and its wholesale grocer so there should be no issue concerning its ability to pay the $2,500,000.00 purchase price for the assets and for it to perform under the lease. Bogopa's president and chief operating officer is presently out of the country and it is expected that a contract of sale will be signed shortly after his return. The purchase price is sufficient to escrow all amounts which arguably would be required to pay the Landlord and to cure defaults and to provide 100% payments to all creditors of the estate and for there to be a return for the Debtor's equity holder. This Court can supervise curing all of the alleged defaults under the lease so that all parties rights are protected in a fair, equitable way.

8. In summary, the Debtor's rights under the lease have not been finally extinguished, there is equity in the leasehold sufficient to pay all amounts owed to

the Landlord and for creditors to be paid 100% of their allowed claims. As such, the Landlord's motion should be denied, the Court should retain jurisdiction of the removed action and allow this reorganization proceeding to continue on a fast track with the goal that all creditors' claims including the Landlord's claims be paid in full.

WHEREFORE, the Debtors pray for an order denying the Landlord's motion and for such other and further relief as is just and proper.

Dated: New York, New York
July 14, 2010

>GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
*Attorneys for 2300 XTRA Wholesalers, Inc.*
1501 Broadway, 22nd Floor
New York, New York 10036
Tel (212) 221-5700
Fax (212) 422-6836

By: _____
Neal M. Rosenbloom (NMR 5465)

To:   Joseph Altman, P.C.
      1009 East 163rd Street
      Bronx, New York 10459