UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11

2300 XTRA WHOLESALERS, INC., et al.,          Case No. 10-12280 (ALG)
                                                                                and Case No. 10-12915 (ALG)

                                                        Debtors.         JOINTLY ADMINISTERED
------------------------------------------------------------x


**ORDER DENYING LANDLORD'S MOTION FOR RELIEF UNDER SECTION 362(b)(10) OF THE BANKRUPTCY CODE OR TO VACATE THE AUTOMATIC STAY IMPOSED UNDER SECTION 362(a) OF THE BANKRUPTCY CODE**


Upon reading and filing a certain Amended Notice of Motion dated June 10, 2010, brought by Condal Distributors Inc. and Condal Imports Inc. (the "Landlord") for an order under Section 362(b)(10) of the Bankruptcy Code that the automatic stay does not apply to the Debtors' commercial lease dated April, 1992 (the "Lease"), that under Section 541(b)(2) of the Bankruptcy Code property of the estate does not include any interest of the Debtors in the Lease or, in the alternative, for relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code (the "Motion"); and upon reading and filing the Debtors' opposition to the Motion dated June 23, 2010; and upon reading and filing the Reply Affirmation of Joseph A. Altman dated June 29, 2010, and upon the supplemental statements filed by the parties, and said motion having come on before this Court on June 30, 2010, July 21, 2010 and August 5, 2010, and it appearing that the Debtors have entered into an Asset Purchase Agreement with Bogopa Service Corp. pursuant to which the Lease is proposed to be assumed and assigned to Bogopa

1

Service Corp. in consideration of the sum of $2,500,000.00 cash, subject to the approval of this Court, and upon all proceedings had herein, and after hearing Joseph A. Altman, Esq., attorney for the Landlord in support of the motion, and after hearing Goldberg Weprin Finkel Goldstein LLP, attorneys for the Debtors, by Neal M. Rosenbloom, Esq. of counsel, in opposition to the motion, and upon the decision of this Court read into the record of the hearing compiled on August 5, 2010, and the Court having determined *inter alia,* that the Lease did not terminate prior to the commencement of bankruptcy under New York State law since no warrant of eviction was issued, it is

**ORDERED**, that the Landlord's motion for relief under Section 363(b)(10) of the Bankruptcy Code or to vacate the automatic stay imposed under Section 362(a) of the Bankruptcy Code be and it is hereby denied.

Dated: New York, New York
August 25, 2010

                                                   */s/ Allan L. Gropper*
                                                   United States Bankruptcy Judge