UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                        Chapter 11

2300 XTRA WHOLESALERS, INC., et al.                      Case No. 10-12280 (ALG)
                                                                                    Case No. 10-12915 (ALG)

                                        Debtors.                   Jointly Administered
----------------------------------------------------------x

## ORDER APPROVING SALE OF
## DEBTORS' SUPERMARKET ASSETS INCLUDING
## CONDITIONAL ASSUMPTION AND ASSIGNMENT OF LEASE

Upon reading and filing the Debtors' notice of motion dated July 30, 2010 (the "Motion"), seeking an order pursuant to §§363 and 365 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court authorizing the Debtor to (a) sell its physical assets free and clean of all liens, claims and encumbrances (the "Sale") in accordance with a contract of sale dated July 20, 2010 (the "Contract") made between the Debtors and Bogopa Service Corp. ("Bogopa") for the sum of $2,500,000 cash, (b) assume its Non-Residential Lease for its business premises at 2300 Randall Avenue, Bronx, New York (the "Lease") and to assign the Lease to Bogopa as part of the Sale in accordance with the provisions of the Contract and the Bankruptcy Code, and (c) extend the time for the Debtor to assume or reject its Non-Residential Lease to the extent that an extension of time may be required under §365(d)(4) of the Bankruptcy Code in order to consummate the Sale and the assignment of the Lease, together with such other and further relief as is just and proper; and upon the certificate of service of Courtney Presswood showing service of the Motion papers upon all creditors and parties in interest, and upon the Contract; and upon reading and filing the opposition of Condal

Distributors Inc. and Condal Imports Inc. (the "Landlord") dated August 24, 2010 to the Motion; and upon reading and filing the Debtors' reply dated August 27, 2010 to the Landlord's opposition; and said Motion having come on to be heard before the undersigned Bankruptcy Judge on August 31, 2010; and after hearing Goldberg Weprin Finkel Goldstein LLP, attorneys for the Debtors by Neal M. Rosenbloom, Esq. of counsel in support of the Motion; and after hearing Hoffman Polland & Furman PLLC, attorneys for Bogopa Service Corp. ("Bogopa") in support of the Motion by Harlan Levine, Esq. of counsel; and after hearing Joseph Altman, Esq., attorney for the Landlord, in opposition to the Motion; and upon the testimony of Bogopa by Jae Kim; and upon the record compiled at the hearing on August 31, 2010; and after due deliberation and upon all proceedings previously had in these Chapter 11 cases; it is

**ORDERED**, that the proposed Sale pursuant to the Contract is approved in its entirety; and it is further

**ORDERED**, that pursuant to 11 U.S.C. §§363 and 365, the Debtor be and it hereby is authorized to sell, assign and transfer its operating assets as to described in the Contract and the Lease to Bogopa in accordance with the Contract free and clear of all liens, taxes, claims, interests and encumbrances with all of such liens, taxes, claims, interests and encumbrances to attach to the proceeds of the Sale, subject to further rulings by this Court with respect to the validity and extent of such liens, taxes, claims, interests and encumbrances; and it is further

**ORDERED**, that Bogopa be and it hereby is authorized, empowered and directed as part of its adequate assurance of future performance required under §365 of the Bankruptcy Code to deliver additional security to the Landlord totaling $112,602, which sum shall be held by the Landlord for a period of five (5) years, after which the additional security is to be returned to Bogopa Randall LLC or its designee on the fifth anniversary after the assumption and assignment of the Lease, provided that there is no uncured material default under the Lease at that time; and it is further

**ORDERED**, that the Debtors be and they hereby are directed to deposit $250,000 from the sale proceeds into the IOLA escrow account of Goldberg Weprin Finkel Goldstein LLP to fund any required repairs to the sidewalk around the Debtor's premises and to repair structural damage, if any, caused to the premises by the Debtors' shelving as identified in that certain stipulation and order of the Supreme Court, Bronx County dated February 24, 2009, a copy of which is attached as part of Exhibit B to the Motion, and all other repairs are to be made by Bogopa as part of its renovations to the supermarket premises and Bogopa shall receive a credit from the Debtors for fifty percent (50%) of the rent for up to one year after closing or until Bogopa receives a certificate of occupancy for the Premises whichever is the first achieved; and it is further

**ORDERED**, that the Debtors be and they hereby are authorized and empowered to execute any and all documents necessary to effectuate the Sale, the assignment of the Lease and to consummate the transactions contemplated herein; and it is further

**ORDERED**, that Bogopa is hereby deemed a good faith purchaser for value

3

entitled to the protections under 11 U.S.C. §363(m) of the Bankruptcy Code; and it is further

**ORDERED**, that the proceeds of the sale other than the amount needed to satisfy the judgment of possession dated April 26, 2010, shall be held in escrow by counsel for the Debtors, until such proceeds are directed to be dispersed pursuant to further order of this Court; and it is further

**ORDERED**, that notwithstanding any other provisions hereof, the Debtors shall make application to the New York State courts to obtain relief from that certain judgment of possession dated April 26, 2010, and the Debtors may assume and assign the Lease to Bogopa Randall LLC only subject to obtaining relief in the New York State courts; and it is further

**ORDERED**, that this Court shall have and retain jurisdiction to resolve any and all disputes between any parties-in-interest relating to or arising from the Sale or the terms of this Order; and it is further

**ORDERED**, that this Order shall be stayed for a period of 10 days.

Dated: New York, New York
      August 31, 2010

                                            */s/ Allan L. Gropper*
                                    UNITED STATES BANKRUPTCY JUDGE