# Law Offices of Joseph A. Altman, P.C.

951 Bruckner Blvd., First Floor
Bronx, New York 10459

Phone: (718) DA8-0422
Fax: (718) 378-4898          E-mail:AltmanEsq@aol.com
*Service of papers will not be accepted via fax and/or e- mail.*

FREDERICK P. ALTMAN (1928-1997)
JOSEPH A. ALTMAN*

*MEMBER NEW YORK, NEW JERSEY & FLORIDA BAR

January 10, 2011

**Via ECF and Federal Express**

United States Bankruptcy Court Southern District of New York
Chambers of Honorable Judge Allan L. Gropper
One Bowling Green
New York, NY 10004-1408

Re:     In re 2300 XTRA Wholesalers, Inc. et al.  Case No. 10-12280

Honorable Judge Gropper:

I am writing to request a telephonic conference to discuss the referenced debtors' chapter 11 cases.

In an order dated August 31, 2010, your honor instructed the debtors to go to New York state courts to seek relief from a judgment of possession that has been issued in favor of their landlord. One or more of the debtors filed an application in New York state courts seeking to vacate that judgment of possession; however, that application has now been denied by order dated January 3, 2011. A copy of the said decision and order is annexed hereto. In addition, the potential purchaser of the debtors' assets has filed an adversary proceeding seeking the return of its down-payment.

Accordingly, since at this juncture, because of the above and other issues, the debtors cannot assume and/or assign the alleged subject lease in which they claim rights as tenants, the undersigned rather that filing another stay relief motion requests that the Court schedule a telephonic conference to discuss these issues.

Thank you.

Very truly yours,

Joseph A. Altman P.C.

*[signature]*

BY:  Joseph A. Altman, Esq.

enc.

cc (with enc):
   Goldberg Weprin Finkel Goldstein LLP. (Attn.: Neal M. Rosenbloom, Esq.) (via ECF and E-mail)
   Friedman Harfenist Kraut & Perlstein LLP (Attn.: Charles H. Horn, Esq.) (via ECF and E-mail: chorn@fhkplaw.com)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF ~~NEW YORK~~ Bronx: PART ~~32~~ 52
-----------------------------------------------x
CONDAL DISTRIBUTORS, INC. and CONDALIMPORTS, INC.,

                         Index Number: 901548/09
          Petitioners (Landlord),

                         Decision and Order
- against -2300 XTRA WHOLESALERS, INC.,
          Respondent (Tenant),

          -and-

RANDALL MEAT MARKET, INC., et al.,

          Respondents (Undertenants).
-----------------------------------------------xArthur F. Engoron, Judge

In compliance with CPLR 2219(a), this Court states that the following papers, numbered 1 to 4, were used on this motion by respondents 2300 Xtra Wholesalers, Inc. and Randall Meat Market, Inc., to vacate a possessory and monetary judgment in favor of petitioners:

                                                                                            Papers Numbered:
Moving Papers ............................................................................................1
Opposition Papers ......................................................................................2
Reply Papers (Rosenbloom Affirmation) .....................................................3
Reply Papers (Bello Affirmation) .................................................................4

Upon the foregoing papers, the instant motion is denied.

Background In or about April of 1992 petitioners, as landlord, and 2300 Xtra Wholesalers, Inc. ("2300 Xtra") entered into the subject lease (Mov. Exh. C). Since at or about that time, respondent Randall Meat Market, Inc. ("Randall") (collectively, "respondents") has operated a supermarket at the premises. On or about May 23, 2008 petitioners served a notice of default on respondents (see Opp. Exh. A). In response, on or about May 31, 2008 respondents commenced a "Yellowstone action" in Supreme Court. That action was settled by a stipulation dated February 24, 2009 (Mov. Exh. D). On or about August 12, 2009 petitioners served further notices of default, purporting to end the lease September 10, 2009. On or about September 11, 2009 petitioners commenced the instant summary holdover proceeding (see Opp. Exh. A). On April 26, 2010, this Court presided over the trial of the matter (see Opp. Exh. C). Later that day, the Court issued a possessory and monetary judgment, the latter in the amount of $238,329.00 (Mov. Exh. A), in favor of petitioners. On or about May 1, 2010, petitioners served respondents with a copy of the judgment and notice of entry

thereof.   Respondents have not filed a notice of appeal of this judgment, and the time to do so has long since expired.

On April 29, 2010, prior to issuance of a warrant of eviction, 2300 Xtra voluntarily filed a Chapter 11 bankruptcy petition, which triggered an automatic stay of the instant proceeding (and prevented issuance of a warrant).   On May 1, 2010, petitioners served notice of the entry of the judgment.   On May 28, 2010, Randall filed a Chapter 11 petition; since June 2, 2010 the Bankruptcy Court has jointly administered the two cases.

On June 10, 2010, petitioners moved in Bankruptcy Court for (1) a determination that the stay did not apply to the instant proceeding, on the ground that respondents no longer had a "property interest" in the subject lease or premises, or (2), alternatively, to vacate the stay.   On or about August 5, 2010, Bankruptcy Judge Allan L. Gropper denied this motion (see Mov. Exhibit E).

Respondents state that they entered into an agreement, dated July 20, 2010, to sell their business to a third-party.   Respondents claim that said sale would benefit petitioners, financially and in other ways; petitioners disagree.   At a hearing on August 31, 2010, Judge Gropper approved the sale (see Exh. G), including an assignment of the lease to the purchaser, <u>subject only to Civil Court's vacating the instant judgment of possession</u>.   The premises are currently vacant.

Recent DevelopmentsBoth sides have kept the court well-informed of recent developments.   Several letters to the court deserve mention.   In a letter to respondents dated November 22, 2010, the third-party purchaser essentially declared the deal dead due to respondents' inability to perform.   In a responsive letter dated November 23, 2010, respondents essentially rejected the third-party's repudiation and pressed the third-party to wait for this Court to vacate petitioners' judgment and to allow the sale to proceed.   In a letter to this Court dated December 16, 2010, petitioners forwarded a copy of a complaint that the third-party filed in the bankruptcy action seeking (1) a declaration that the purchase agreement is null and void and (2) the return of the third-party's down-payment.   In a letter of that same date, respondents claimed that the third-party's complaint is unfounded and expressed the "expectation" that if this Court grants the instant motion, the sale will proceed.

DiscussionRespondents now move, pursuant to RPAPL § 749(3), Civil Court Act ("CCA") § 212, and CPLR 5015 and 5523, to vacate the instant judgment.   RPAPL § 749(3) states that "[t]he issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof."   Arguably, if issuance of a warrant annuls the subject landlord-tenant relationship, then the instant one is still in effect.   On the other hand, there is authority for the proposition that the

relationship ends on the date set forth in a valid notice of termination, see generally, Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs., 93 NY2d 508, 513-514 (1999), and/or upon the issuance of a judgment of possession, see In re Lady Liberty, 94 BR 812, 816 (SDNY 1988).

In any event, this Court finds it unnecessary to determine exactly when a landlord-tenant relationship ends, either generally speaking or in this particular instance. That is because this Court agrees with respondents that a court has inherent power to vacate its own orders and judgments for good cause shown or, in exceptional cases, in the interests of justice. The authority for this is to be found in CPLR 4404(b) (but see CPLR 4405, setting forth a 15-day limitations period) and case law, not in CCA § 212 or CPLR 5015 or 5523, as propounded by respondents. So the power to vacate the instant judgment exists; but should it be exercised?

Definitely not. First, and most obviously, the judgment respondents seek to have vacated was validly entered after a trial on the merits. Indeed, respondents' only argument is that due to post-judgment events, this Court should exercise its discretion to vacate the judgment. That discretion should be exercised very sparingly, and not just because it will help respondents' bottom line.

Second, while this Court will, of course, adhere to the dictates of any Bankruptcy Court ruling, the ruling at issue stopped short of requiring this Court to vacate the judgment of possession, and, indeed, deferred to this Court on that issue. Federal Bankruptcy actions and state court summary proceedings do not necessarily have congruent goals. The former seeks the orderly administration of bankrupt estates; the latter seeks to uphold the laws governing landlord-tenant relationships in the State of New York. Similarly, the interests of respondents' creditors may not be the same as the interests of the instant petitioners. This Court's philosophy is to render unto the Bankruptcy Court what pertains to bankruptcy; and to render unto itself what pertains to landlord-tenant relations. From this Court's landlord-tenant law perspective, the instant landlord-tenant relationship has been, or at least should be, severed, should remain severed, and petitioners should be restored to possession.

Third, although courts often take economic factors into consideration in making rulings and applying the law, they, unlike corporations and legislatures, are not in the business of making economic decisions. Respondents' papers are replete with all of the alleged benefits of the proposed sale. However, these blandishments have fallen on petitioners' deaf ears. Petitioners know better than this Court what's best for them. If petitioners, as a landlord with a judgment of possession, would rather have an eviction than a sale, then so be it.Finally, despite respondents' Panglossian optimism, the proposed sale seems to be dead on arrival, given that the third-party has commenced a lawsuit seeking to rescind the deal.

Motion denied.

Dated: _____January 3, 2011___                                              _____
                                                                            Arthur F. Engoron, J.C.C.