UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x
:
**In re:** : Chapter 11
:
**2300 XTRA Wholesalers, Inc. et al.**[1] : Case No. 10-12280 (ALG)
:
: Jointly Administered
**Debtors** :
: ORDER
------------------------------------------------------------------------------x

**ORDER ON AMENDED MOTION BY CONDAL DISTRIBUTORS INC. AND CONDAL IMPORTS INC. FOR (A) RELIEF FROM THE AUTOMATIC STAY, (B) DISMISSAL (OR CONVERSION TO CHAPTER 7) OF THE ABOVE CAPTIONED DEBTORS' CHAPTER 11 CASES FOR THEIR FAILURE TO FILE OPERATING REPORTS AND FAILURE TO PRODUCE EVIDENCE OF INSURANCE AND/OR (C) ACCESS TO THE PREMISES**

Upon the motion (the "Motion")[2] of Condal Distributors Inc. and Condal Imports Inc. (collectively, the "Owner"), for the entry of an order (a) pursuant to Sections 362 (d)(1) and (2) of the Bankruptcy Code modifying the automatic stay to permit the Owner to exercise its state law remedies with respect to the Lease, the Premises and the Debtors, (b) for dismissal (or conversion to chapter 7) of the above captioned Debtors' chapter 11 cases for their failure to file operating reports and failure to produce evidence of insurance and/or (c) access to the Premises; it appearing that cause exists to grant the relief requested in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§

---

[1] The Debtors are 2300 XTRA Wholesalers, Inc. and Randall Meat Market, Inc.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Motion is GRANTED **to the extent set forth herein**.

2. Pursuant to Sections 362 (d)(1) and (2) of the Bankruptcy Code the automatic stay is hereby lifted to permit the Owner to exercise its state law remedies with respect to the Lease, the Premises and the Debtors. [The Debtors shall pay the rent due under the Lease not later that the first day of each month. If the Debtors fail to make the rent payment, the Owner shall be entitled to relief from the automatic stay by submitting a certification of counsel on not more than one (1) business days notice.]

3. The 14-day stay pursuant to Fed. R. Bankr. P. Rule 4001(a)(3) is hereby waived.

4. The **motion seeking dismissal or conversion of the** Debtors' chapter 11 cases is hereby **adjourned to March 8, 2011, to give the Debtor an opportunity** dismissed for cause, including the failure to file operating reports, **the Debtor having provided evidence that it** maintains insurance **on the Premises**.

5. The Debtors shall not later than one (1) business day after the entry of this Order provide the Owner **reasonable access to** (by delivering same to the Owner's counsel) a complete set of keys to the Premises such that the Owner may, from time to time, inspect the Premises and the Owner shall have the right to inspect the Premises at any time and from time to time **during business hours**.

6. **For the avoidance of doubt, the Debtor shall continue to have relief from the stay to pursue its state court remedies, if any.**

7. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

New York, New York
Dated: March 2, 2011

                                                */s/ Allan L. Gropper*
                                                United States Bankruptcy Judge