UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

2300 XTRA WHOLESALERS, INC., et al.

                     Debtors.

Chapter 11

Case No. 10-12280 (ALG)

-----------------------------------------------------------X

## OPPOSITION TO MOTION BY CONDAL DISTRIBUTORS, INC. AND CONDAL IMPORTS, INC. TO ORDER SCHEDULING HEARING TO CONSIDER DISCLOSURE STATEMENT

**TO THE HONORABLE ALLAN L. GROPPER, BANKRUPTCY JUDGE:**

      2300 Xtra Wholesalers, Inc. ("2300 Xtra") and Randall Meat Market, Inc. ("Randall Meat") (collectively the "Debtors") respectfully allege and show this Court as and for their opposition to Condal Distributors, Inc. and Condal Imports, Inc. (the "Landlord") request for entry of an order to consider the Landlord's disclosure statement for its competing plan of liquidation and respectfully shows this Court as follows:

      1.    The Court is intimately familiar with the background of this case and, the Landlords most recent actions in filing a "competing" plan of liquidation reflects the latest chapter in a wealthy Landlords attempt to destroy the business and assets of its former tenant.

      2.    The Debtors respectfully request that the Court refuse to consider entering the order to schedule a hearing to approve the proponent's disclosure statement as Condal is an improper plan proponent, the plan violates the property rights of 2300 Xtra, and is duplicative of the plan of liquidation filed by the Debtors.

3.     Condal has filed a joint plan of liquidation for the Debtors. First and foremost, Condal is not a creditor of the Debtor, Randall Meat, and as such has no standing to file a plan in that case. Moreover, the Debtors' plan of liquidation filed in the 2300 Xtra case provides that unsecured creditors of that Debtor are to be paid in full with interest and are not impaired by the plan.

4.     As this Court is well aware, the lease for the Debtors' premises was made between the Landlord and 2300 Xtra as tenant. Condal both prior to and during the pendency of this proceeding refused to accept rent checks from anyone other than its tenant, 2300 Xtra. It is not a creditor of Randall Meat.

5.     The lynch pin of the Condal Plan is the proposed substantive consolidation of the two cases. The Debtors submit that substantive consolidation given the facts in these cases is bordering on ludicrous. As Condal knows, the two Debtors have completely different assets, liabilities, businesses and debt structures. Randall Meat operated a supermarket and 2300 Xtra is a holding company, which owns a lease and a mortgage.

6.     Once the absurdity of substantive consolidation is taken out of the mix, all that is left is another liquidating plan albeit a plan which foists additional expenses upon an already burdened estate by appointing a "responsible person" to administer the plan and providing for pursuing possible claims against insiders. The history of this case is well-known to this Court where from April, 1992 through March, 2008 when the O.J. Resources, Inc. contract was signed, there never were any issues between the landlord and tenant. The Debtor operated a very successful supermarket

2

which paid its debts to creditors in the ordinary course of business. Its success and the value of its lease were the predicates for two substantial sale contracts which were opposed by the Landlord. Moreover, when reviewing the Landlords' disclosure statement, one can see that there is no discussion of the Condal claim, no discussion of other claims and no discussion about the distribution to creditors under the Condal plan.

7. Based upon all proceedings had before this Court, the Debtors respectfully request that the Court refuse to enter the order scheduling a hearing to consider the Condal disclosure statement and combined liquidation plan and the Debtors receive such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 22, 2011

                            **GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
                            *Attorneys for Debtors*
                            1501 Broadway, 22nd Floor
                            New York, New York 10036

By: _____
                            Neal M. Rosenbloom (NMR 5465)
                            A Member of the Firm