Neal M. Rosenbloom, Esq.
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Attorneys for the Debtor
1501 Broadway, 22nd Floor
New York, New York 10036
Tel: (212) 221-5700

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                          Chapter 11

2300 XTRA WHOLESALERS, INC., et al.              Case No. 10-12280 (ALG)

                                        Debtor.
-----------------------------------------------------------x

## MOTION FOR ORDER EXTENDING DEBTOR'S TIME
## TO CONFIRM A PLAN OF REORGANIZATION

**TO THE HONORABLE ALLAN L. GROPPER,**
**UNITED STATES BANKRUPTCY JUDGE:**

2300 Xtra Wholesalers, Inc. ("Debtor"), by its attorneys, Goldberg Weprin Finkel Goldstein LLP, for its motion to extend the Debtor's time to confirm a plan of reorganization ("Motion"), respectfully sets forth and represents:

1. On May 28, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and has remained in possession of its property and the management of its business as a debtor in possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. On June 3, 2010, the Debtor filed a motion for joint administration with a related case of an affiliated debtor, 2300 Xtra Wholesalers, Inc. ("2300 Xtra") (Bankruptcy. S.D.N.Y., Case No. 10-12280). The motion for joint administration was granted on June 3, 2010, and the related case of 2300 Xtra was designated the lead case.

3. No creditors' committee has been formed, and no Chapter 11 Trustee has been appointed.

4. Jurisdiction over this motion is vested in the United States Court for this District pursuant to §§1334 of Title 28 of the United States Code (the "Judicial Code"). This motion has been referred to this Court for consideration pursuant to §157 of the Judicial Code and the Standing Order of Referral of Cases to Bankruptcy Judges (S.D.N.Y. July 10, 1984 (Ward, Acting C.J.)).

5. This is a core proceeding arising under Title 11 of the United States Code. See 28 U.S.C. §157(b)(1). The statutory predicate for the relief sought herein are §§1121 and 1129 of the Bankruptcy Code.

6. Venue of this motion in this district is appropriate pursuant to §1408 of the Judicial Code.

7. The Debtor and 2300 Xtra filed separate plans of reorganization and separate disclosure statements on March 21, 2011. The Debtor's plan of reorganization (the "Plan") and the plan of reorganization filed by 2300 Xtra do not provide for substantive consolidation.

8. The adjourned hearing to consider approval of Debtor's disclosure statement is currently scheduled for December 15, 2011 along with other pending matters in this case.

9. Where the Debtor is a small business, §1129(e) of the Bankruptcy Code limits the Debtor's time to confirm a plan of reorganization to 45 days after the filing of the plan, unless the time for confirmation is extended pursuant to §1121(e)(3) of the Bankruptcy Code. This Court previously signed orders which extended the Debtor's time to confirm its Plan to

2

November 22, 2011 with the last order being dated June 27, 2011 which extended the confirmation deadline.

10. By this Motion, the Debtor seeks to extend its time to confirm a plan of reorganization (the "Plan") by an additional ninety (90) days.

## STATEMENT OF RELEVANT FACTS

11. This Court is well-versed in the complex history of this case which spans numerous actions and multiple appeals at various state of federal levels.

12. The Debtor operated a supermarket which consists of 35,000 sq. ft. supermarket and dry food product warehouse located at 2300 Randall Avenue, Bronx, New York. The affiliated Debtor, 2300 Xtra, was the tenant under certain lease agreement dated April ___, 1992 (the "Lease") made between it and Condal Distributors, Inc. and Condal Imports, Inc. (collectively the "Landlords").

13. While the tenant-landlord relationship was initially amicable, beginning in 2008, the relationship became litigious and eventually resulted in Landlords obtaining a judgment of possession with respect to the subject property of the Lease on April 26, 2010 in Civil Court, Bronx County.

14. While the Debtor originally sought Chapter 11 relief with the intention of selling its supermarket business in conjunction with protecting its valuable Lease, the Debtor's effort proved unsuccessful, largely due to the Landlords' refusal to agree a bankruptcy sale and assumption and assignment of the Lease (the "Bogopa Sale and Assignment"). This Court, over Landlords' objections, approved the Bogopa Sale and Assignment subject only to 2300 Xtra's ability to obtain relief from the April 26, 2010 Civil

3

Court judgment of possession. Unfortunately, the parties were unable to obtain relief form that judgment of possession.

15. The Debtors have recently settled the OJ claims pursuant to order of this Court. In addition, Bogopa commenced an adversary proceeding seeking to receive a refund of its downpayment given in connection with its aborted contract of sale. The Debtor has recently settled the Bogopa adversary proceeding and an application will be brought before this Court in the near future for authorization to approve a stipulation of settlement.

16. Further, the initial purchaser of the supermarket business of the Debtor and 2300 Xtra, O.J. Resources, Inc. ("OJ") has filed a $3,000,000.00 claim against the Debtor, which includes a claim for a $250,000.00 downpayment tendered to 2300 Xtra in connection with the sale of the business (Bankruptcy. S.D.N.Y., Case No. 10-12880, Claim #11). The Debtor and 2300 Xtra, as set forth in their respective proposed plans of reorganization, expect to retain the $250,000 downpayment tendered to them in connection with the aborted sale of their business to OJ. The downpayment also collateralized obligations owed to the Debtors under a management agreement made with OJ. The Debtor has filed a motion to expunge the OJ claim and for authorization to retain the OJ downpayment under the management agreement. In accordance with the Court's instructions, a motion for summary judgment has been brought with respect to the OJ claims and the motion for summary judgment is scheduled to be heard on December 15, 2011.

## BASIS FOR RELIEF

17. Pursuant to §1129(e) of the Bankruptcy Code, "[i]n a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is

filed in accordance with §1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with §1121(e)(3)."

18.   Section 1121(e)(3) of the Bankruptcy Code provides that in a small business case:

> (3) the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if—
> (A)   the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
> (B)   a new deadline is imposed at the time the extension is granted; and
> (C)   the order extending time is signed before the existing deadline has expired.

19.   The Court in In re AMAP Sales & Collision, Inc., 403 B.R. 244 (Bankr. E.D.N.Y. 2009), stated, in reference to §1121(e)(3) of the Bankruptcy Code:

> In this Court's view, the plain language of Section 1121(e)(3) requires the Court find by a preponderance of evidence that it is more likely than not that the court will confirm *a* plan within a reasonable amount of time, not necessarily *the* plan which is before the Court at the time of hearing on the extension motion. Certainly, small business debtors should have the flexibility to modify their plans pursuant to Section 1127, as circumstances of the dynamic chapter 11 process allow or dictate. Further, while this Court agrees that a small business debtor and counsel must move expeditiously, circumstances outside the control of the debtor and counsel can, as is occurring in this case, make adherence to the unextended deadlines extremely difficult or even impossible.

5

AMAP Sales & Collision, 403 B.R. at 247 (emphasis in the original.

20. Since this matter was last brought to the attention of the Court, the Debtor has made substantial progress in this case. Specifically, a global settlement has been reached with the Landlord pursuant to which the Landlord's claim has been fixed in a said amount and all appeals and litigation have been discontinued. Similarly, the adversary proceeding with Bogopa has been resolved and the Debtor believes that the Court will approve the settlement of that adversary proceeding. Finally, the Debtor has brought on a motion for summary judgment seeking to expunge the OJ claim which will pave the way for the Debtor to proceed with its plan of liquidation.

21. The Debtor's Plan, a liquidating plan of reorganization, is confirmable on its face and a confirmation hearing will be scheduled after the Court approves the Debtor's disclosure statement.

22. Under these circumstances, the Debtor can confirm a plan of reorganization. Therefore, a ninety (90) day extension to confirm a plan of reorganization is warranted.

23. The Debtor has served this Motion upon all parties in interest (including the Office of the United States Trustee). The Debtor submits that such notice be deemed sufficient.

24. Other than as described in this motion, no prior request for the relief sought herein as been made to this Court or any other Court. As there are no novel issues of law in connection with the relief sough herein and the legal basis for same is set forth herein, the Debtor respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this motion.

6

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests that this Court enter an order, pursuant to §1121(e) and 1129 of the Bankruptcy Code, granting the Debtor a ninety (90) day extension to confirm a plan of reorganization and such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       October 24, 2011

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
*Attorneys for Debtor*
1501 Broadway, 22nd Floor
New York, New York 10036
Tel: (212) 221-5700

By: _____
     Neal M. Rosenbloom

H:\Dominique\word\CLIENTS\2300 XTRA WHOLESALERS, INC (#5055.00)\Application - Motion for an Order Extending Debtor's Time (10-21-11).doc

7